[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is a personal injury action in which the plaintiff, Serena Burgess, alleges that while crossing Orchard Street in the City of New Haven, she was struck by an automobile driven by the defendant Kelly Turner ("Turner"), and owned by the defendant General Electric Capital Services ("General Electric"). General Electric has moved for summary judgment claiming that the plaintiff's action is barred by the applicable statute of limitations. For the reasons set forth-below, the motion for summary judgment is denied.
Summary judgment should be granted if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § CT Page 3097 17-49. The party seeking summary judgment has the burden of showing the nonexistence of any material fact. Connell v.Colwell, 214 Conn. 242, 246 (1990). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Id., 246-247.
General Electric's claim is that the plaintiff in her original and amended complaint, alleged that Turner operated the vehicle owned by General Electric as an agent, servant and/or employee and that it was only in her revised amended complaint that the plaintiff specifically alleged lessor liability against General Electric pursuant to General Statutes 14-154a. General Electric further asserts that, based upon the affidavit it has submitted, that Turner was never an agent, servant or employee of General Electric. In addition, General Electric further asserts that the revised amended complaint containing the allegation under § 14-154a was filed after the running of the two year statute of limitations.
The problem with General Electric's argument is two fold. First, the cases it relies upon in support of its claim, e.g.Bevel v. Annetta (J.D. of Fairfield No. 970344223) and Palmer v.Alvarez (J.D. of Stamford — Norwalk No. 154434), involve unauthorized drivers of leased vehicles. It is clear from the affidavit submitted by General Electric that Turner was the lessor of the vehicle involved and was fully authorized to use it. Second, and more importantly, General Electric's construction of the language in the original and amended complaint is too narrow. Paragraph 6 of both the complaint and amended complaint reads as follows:
 At all times herein mentioned the (defendant, Kelly Turner, was operating said vehicle owned by the defendant, General Electric Capital Services as agent, servant and/or employee of said owner and/or with the permission and authority of said owner, General Electric Capital Services. (Emphasis added)
A fair reading of this paragraph reveals that the plaintiff has not restricted its allegation to a claim that Turner was an agent, servant or employee of General Electric but goes on to allege that Turner operated the vehicle with the permission and authority of General Electric. Such alternative pleading in the complaint is permissible. Hanover Insurance Company v. Fireman'sFund Insurance Company, 217 Conn. 340, 346 (1991). The "permission and authority" with which Turner operated the vehicle CT Page 3098 could reasonably be construed to include the lease that Turner had entered into with General Electric. At a minimum, there is an issue of material fact concerning that issue.
Accordingly, the motion for summary judgment is denied.
So ordered at New Haven, Connecticut this 9th day of March, 1999.
Devlin, J.